Dale Livingston, Willard O'Neal, Russell Jensen
Malik A. Shabazz, Jeffrey Smit, Vern Carter;
5210 S. Huntington Rd
Taylorsville, Utah 84129

FILED
U.S. DISTRICT COURT

2013 AUG 21  P 3: 16

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF UTAH

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

| | |
|---|---|
| Dale Livingston, Willard O'Neal, Russell Jensen, Malik A. Shabazz, Jeffrey Smit, Vern Carter, <br><br>PLAINTIFFS, <br><br>v. <br><br>Royal Hansen, W. Brent West, <br><br>DEFENDANTS | Case: 2:13-cv-00783 <br> Assigned To : Warner, Paul M. <br> Assign. Date : 8/21/2013 <br> Description: Livingston et al v. Hansen et al |

# TITLE 42 USC SECTION 1983
# PRELIMINARY COMPLAINT

A. It is recognized that it is considered, on most occasions, to sue judges, state or federal. This action constitutes an exception to that standard expectation. Jurisdiction for this Complaint action is appropriate in this Case founded on the existence of certain acts committed by the two defendants that arises to a level of uncommon practice of law, inclusive of an apparent conspiracy between the two presiding judges, both of Salt Lake County's Third District Court and Davis County's Second District Court. This action arises out of the Constitution of the United States; and under United States Code. The Federal Jurisdictional Authority in this Case can be cited as coming under the First Amendment, Fifth Amendment, under the Fourteenth Amendment, violations coming under Title 42: U.S. Code, Section 1986, Section 1985, Section 1983; and the resultant damages caused or brought about by one or more of the above violations, inclusive of abuse of discretion and abuse of process, and misuse of

1

process against the United States Constitution involving Plaintiffs' civil and constitutional rights, which abuse and conduct has caused an injury to Plaintiffs' protected constitutional rights.

B. Plaintiffs are citizens of the state of Utah and the two Defendants, are persons acting in an official capacity for the "State of Utah;" there being a constitutional question of a serious and urgent nature; the actors come, indisputably, under the jurisdiction of this court.

C. Plaintiffs, in the event that discovery and legal findings and conclusions pertinent thereto should reveal just cause for doing so, hereby reserves the right to incorporate further actions against the Defendants as this case may unfold, and to stipulate to further applicable jurisdictional grounds for doing so, not to exclude either <u>Article VI, Clause 2</u> of the United States Constitution (federal authority over "state judges") and / or any other applicable inherent rights which may appertain thereto as shown or demonstrated to the court hereafter.

D. Plaintiffs are at the time of this filing appearing before the Court without the assistance of an attorney, and have not the knowledge of an attorney, however in the interest of justice, believe their Case bears review and consideration by the Court, for redress of grievance and remedy of Citizens of the United States, which Plaintiffs are the same. Plaintiffs therefore respectfully petitions the Court to Take Judicial Notice of the matters contained herein, inasmuch as this written document represents a substantial portion of Plaintiffs' initial Case, and Plaintiffs may not otherwise efficiently present their Case before the Court to the degree that Justice would otherwise demand and call for; the arguments and presentments of charges or complaint made herein must therefore be taken into full account during the court hearing petitioned for as though Plaintiffs had spoken the same verbally therein,

2

otherwise the purpose for submitting a written Complaint becomes moot, and may represent or work a denial of civil rights, and a hardship and a damage, upon Plaintiffs in furtherance of the violation of their civil rights already perpetrated against them.

E. Inasmuch as Statutes, both state and federal, are periodically revised and renumbered on at least an annually frequent basis, Plaintiffs hereby reserve the Right to re-submit all Renumbered Statutes, if any, as a matter of clerical error. Furthermore, Plaintiffs hereby reserves their Right to Amend this Complaint under Rule 15, FRCP.

F. This case involves constitutional questions pertaining to the unlawful use of the custom of the courts in violating well settled practices of judicial law, as is so customary both state and federal, violated in connection to Plaintiffs' First Amendment religious rights, and the undoubted conspiracy to defraud the Plaintiffs of their constitutional rights, a violation of U.S. Code, indubitably.

G. THESE ASPECTS NOW DULY PRESENTED BEFORE THE FEDERAL DISTRICT COURT, PLAINTIFFS, HAVING GOOD CAUSE TO BRING FORTH THIS ACTION BEFORE THE COURT AT THIS TIME, AND ACTING IN GOOD FAITH AND BELIEF, NOW HEREBY CONTINUES THIS COMPLAINT WITH GRIEVANCE, AND CHARGE THEREFORE AS FOLLOWS:

1. This Case hinges on particular federal questions and concerns, as such questions pertain to the civil and constitutional rights of Plaintiffs, the violations of which place the Plaintiffs squarely in jeopardy as it pertains to First Amendment rights and the right to rely upon basic, well settle court procedures ("due process") as though a fundamental right protected by both the Fifth Amendment and the Fourteenth

Amendment, equal protection under the law, which protection the Defendants willfully and knowingly, and openly, broke at the time of such violation(s).

2. Particular elements of this case arose in <u>2006</u>, in Utah Third District Court case # <u>060917894</u>, in which a concern arose regarding the existence of certain religious doctrines and practices involving marriages and the incorporation of those doctrines into law and Utah government which appeared to violate the conscience and civil and constitutional rights of Dale Livingston as plaintiff in said case, said case being presided over by Leon Anthony Dever, who, upon motion by the defendant asserting that the State of Utah had no authority to render a judgment over the contract between the parties thereof because it has a "religious clause" therein which denied the State the right to discern the contract for any "heavenly" purpose, agreed with the defendant and, stating that the State had no authority over a religious contract not marriage, dismissed the case regardless of the fact that such religious question involved an ancient doctrine of the Catholic Church from England, not Rome, which created significant religious and moral problems for plaintiff Dale Livingston, created by his, Leon Dever's, dismissing it so.

3. Realizing that such a judgment as rendered by Leon Anthony Dever was not remotely close to the known practice of judicial authority and justice, that such reasoning would have denied any court over such a case as the "Jim Jones/Guyana" incident resulting in the massive number of suicides that it did, that it was not logical to legally assume such a thing as Mr. Dever did, and suspecting that there was more to Mr. Dever's unorthodox decision than met the eye, that whatever was behind Mr. Dever's decision must amount to some form of civil fraud, plaintiff Dale Livingston decided to <u>not</u> appeal Leon Anthony's rendered decision until, by way of an

investigation, he was able to learn more about Mr. Dever's religious point of view, and even Mr. Dever's actual religion, whatever it might be, itself.

4. Although it is not to be suggested that there is anything inappropriate for any person to <u>not</u> make known his religion or religious preference to any other person, nevertheless, as a result of Leon Anthony Dever's lack of making known his religious preference, even in the State of Texas where he was originally from, plaintiff Dale Livingston found it impossible to discover whether or not there was any religious motive, or bias, behind Leon Anthony Dever's judicial decision in the <u>2006</u> case, resulting in the suspension in any forward movement in the case altogether; it took several years before plaintiff Dale Livingston would be able to discover what religious motive Mr. Dever might have, if any at all, which plaintiff Dale Livingston did discover, finally, what Mr. Dever's actual religious background was, and presumably still is.

5. It took plaintiff Dale Livingston's hiring of the detective agency of "The Lady In Red" to discover what Mr. Dever was, religiously speaking, which discover was that his father was Baptist and his mother was Catholic, and he, Mr. Dever, chose his mother's Catholic religion as his own, or that is to say, he was Catholic at the time that he adjudicated a case wherein it was alleged that, based upon an etymology transliteration of a legal term, a Catholic religious doctrine had been incorporated into law, which religious doctrine in law Mr. Dever had covered up – to the non-favor of protestant and other non-Catholic Christian persons – by use of his judicial power to do so instead of involuntarily recusing himself for the obvious bias that existed on his part as he should have done, where he openly, undoubtedly, adjudicated in favor of the Catholic religion, an untrustworthy act for any judge of any court to leave a legacy of in dishonor of all other judges, all things considered.

5

6. Upon plaintiff Dale Livingston's discovery that in plaintiffs newly filed State case, case # <u>130901479</u>, that they had drawn as judge, Leon Anthony Dever, plaintiff Dale Livingston remembered the civil rights-violating acts of Mr. Dever in the <u>2006</u> case, realized the danger of having the case ruled in whatever way Mr. Dever chose to do, irrespective of how far outside of law and court practice that might come about due to Mr. Dever's proven untrustworthiness, and consequently petitioned him, Leon Anthony Dever, with the other plaintiffs serving as witnesses in the case, to voluntarily recuse himself for the reasons stated, which Mr. Dever without hesitation did.

7. As is customary of a petition for voluntary recusal memorandum, the memorandum called for the referral of the matter to the presiding judge of the court holding the case, which in this case was defendant Royal Hansen.

8. The standard for such a reassignment of judge as was expected to follow would be that the presiding judge submit the case to a judge within his district, provide such proposed assigned judge with a copy of the grounds for the recusal along with the grounds of the case itself, and allow such judge the opportunity to either accept the appointment or else, if seeing in himself/herself some reasonable basis for belief that he/she might tend to be biased, recuse himself/herself also from the case, inform the presiding judge if such happened to be the case, which presiding judge would then began the reassignment process again until one of the judges in his overall court system would accept the case, after which the case's due process and proceedings would begin, the presiding judge, except he have chosen to accept the case himself, exiting the case altogether thereafter.

9. In this case, the reassignment process to have been utilized by defendant Royal Hansen was not carried out that way, but instead was carried out as follows:

10. Involuntarily Disqualifying all <u>26</u> Third District Court judges, not inclusive of himself, he, Royal Hansen, on <u>June 11, 2013</u>, issued, in chambers, a minute entry judgment ordering that the case be referred to W. Brent West, presiding judge of the Second District Court, proposing that he, Brent West, reassign the case to – unknown at that time - (see the <u>June 11, 2013</u> Minute Entry Exhibit, which addressed, incorrectly, the person of Fred Brunsvik, <u>not</u> the petitioner, at his address, and <u>not</u> petitioner of record Dale Livingston at his address, thereby denying the actual petitioner any direct involvement in the recusal process, also being a service of process violation) - whether one of his, West's, own Second District Court's judges or else one of Hansen's Involuntarily Disqualified Third District Court judges, or else one of the judges of either First District, Fourth District, Fifth District, Sixth District, Seventh District, or Eighth District, cannot be clearly determined, for there is nothing known in judicial practices that would ever allow for such a proceeding in any case before this time so far as plaintiffs are aware of.

11. This procedure carried out by defendant Hansen on <u>June 11, 2013</u> is hereby charged as having No Venue whatsoever, without which venue there can be no jursidiction, on the part of W. Brent Hansen to accept for the purpose alleged by defendant Hansen, and therefore constitutes a lack of standing for W. Brent West to consequently accept the Third District Court case except there first be a proven venue basis for doing so. No lawful venue basis for alleging Second District venue has been stipulated to by anyone, because there is none.

12. On June 18, 2013, one week later, still continuing to Involuntarily Disqualify all 26 Third District Court judges, *plus* himself, without *first* waiting for W. Brent West to cognizably reverse the alleged reassignment authority that he had just been "given" by Royal Hansen, defendant Royal Hansen, by minute entry judgment, directly reassigned the case to W. Brent West, presiding judge of the Second District Court (see the June 18, 2013 Minute Entry Exhibit, focusing on the reference to the "judge Dever recusal," not to the improper Brunsvik reference), this time not to be referred and reassigned as before, but to actually take the case, being done by W. Brent West himself. Without doubt, neither the Second District Court nor defendant W. Brent West has venue over the Third District Court case, pretense for such effect denied by these plaintiffs, there being no basis for cause to move the case from Salt Lake County to Davis County, nor any other Utah county other than Salt Lake County, is lawful and legal; the two defendants, appearing to have conspired together for some unlawful purpose not yet known, necessarily are therefore being sued that they explain, or answer, to this U.S. District Court why they have acted so inordinately illegal, so obviously conspiratorially, in the acts that they have taken together, to bring about such a bizarre, lawless act (no law can be found that sustains this conduct) that they have engaged in together.

13. Nothing more are these two judges being sued for than that they reverse themselves and their subsequent acts to the lawful status that existed before June 11, 2013, or on June 10, 2013 and thereafter, commencing with W. Brent Hansen vacating his judgment that he had/has venue to accept the Third District Case, falsely assigned to him on June 18, 2013, and that Royal Hansen take back the case that he knows, or reasonably should have known, that he alone was responsible to reassign the case to one of his own Third District Court judges, qualifying one of such judges

8

therein as is provided for by law, so that the parties may continue their case as is appropriate, at the applicable, appropriate court docketed time thereafter.

14. No punitive damage is sought or assessed against either Royal Hansen or W. Brent West, not even for the time lost in the state case, not are they to be required to declare the religion, whether Catholic, LDS, or any other religious heritage, of either themselves or any other judge of Third District unless any such other judge of his/her own accord voluntarily proclaims it. Because plaintiffs are more concerned with justice in their case than they are monetary compensation, they hereby waive even the compensation for filing this case in the first instance.

15. The Plaintiffs continuing as of now therefore petitions this United States District Court for its injunctive order, without notice, that it order that the unlawful transfer of state civil case <u>130901479</u>, "reassigned" by the presiding judge of Third District Court to the presiding judge of Second District Court be reversed back to the presiding judge of Third District Court, restoring plaintiffs rights as they existed <u>June 10. 2013</u> and thereafter, thereby.

WHEREFORE, Plaintiffs Petition the Court under its   <u>Title 42, U.S. Code, Section 1983</u>:

1. Issue an Order to the Two Defendants that They Show Cause For An Answer, *Quo Warranto*, to require within <u>21</u> days form the date of service upon Defendants, that each is to answer the charges as to why, or by what authority: Royal Hansen involuntarily disqualified, or "jumped over," <u>26</u> Third District Court judges, without giving a single Third District Court judge, including himself as <u>27th</u> disqualified judge, minus Leon Anthony Dever, the option to determine as to whether he or she might be capable of exercising the necessary unbiased background required to be reassigned to the Third District Court case.

2. Grant an immediate Injunction, without notice, estopping and reversing the Defendants from the illegal activities of pretending to have the authority to involuntarily disqualify all Third District Court judges in order to justify the reassignment, or even the referral to, of W. Brent West, presiding judge of Second District Court, in order that W. Brent West sit the case in place of any Third District Court judge, noting that the question has been raised as to why not "First District," "Fourth District," "Fifth District," "Sixth District," Seventh District," or "Eighth District" instead, except that the relationship between Royal Hansen and W. Brent West was and is a relationship too close to be unbiased and legal, the conspiracy between the two of them, as such, being undoubted;

3. Restore to Plaintiffs their legal rights to have W. Brent West to reverse himself in his false claim to be able to accept Royal Hansen's "reassignment" to him, requiring thereby Royal Hansen to take back his reassignment, as well as his "referral to judge West to have him reassign" the case to another judge ("Third District" ? / "Second District"?) as Utah law shall provide for, restoring plaintiffs' rights that they enjoyed back to the date of <u>June 10, 2013</u> and thereafter;

4. Enjoin by Court Order, any acclaimed officials, or persons acting under color of law or color of authority, or acting in concert with the defendants, against any further actions by the same against plaintiff *by prejudice* <u>resulting from</u> plaintiff having had to file this Complaint Action against the above named defendants, and those acting in concert therewith.

5. Upon the Court's own internal cognizance as to the gross error committed by the two defendants, no matter their reasoning and motive for doing so, that the Court grant a permanent injunction against the defendants barring them from continuing to carry out

the case under the alleged authority of W. Brent West to act as the legal judge in case # 130901479.

6. Grant a Writ of Prohibition prohibiting the Defendants from acting in concert with others in their continuing to interfere with the rights of Plaintiffs as are applicable in this Case.

7. Move swiftly to order that the Plaintiffs be protected from continued aggressive, prejudicial, and possibly abusive harm from the unlawful acts of Defendants in attempting to reassign this case only to a Third District Court judge who is lawfully and correctly, without bias, able and willing to accept the case, in accordance to the rights of plaintiffs as they existed June 10, 2013 and thereafter.

8. Considering that this case is not about being awarded money in any amount, but about constitutional justice, plaintiffs being willing to bear the cost of petitioning this court for relief for just causes, plaintiffs waive being compensated for the filing of this case, and waive all other financial claims to be paid them by the defendants, except that they, defendants, should oppose plaintiffs' petition that they, defendants, discontinue their unlawful activity *forthwith*, whereupon plaintiffs, in such an event, reserve the right to assess costs undue to themselves, to pursue further costs unto them, plaintiffs, by way of the Lode Star principle, or that is, the greater the amount that defendants spend defending their unlawful acts the greater they are to pay to plaintiffs for doing so, in return.

DONE: On the 13th day of the month, August, A. D. 2013.

Subscribed and Affirmed on the 13th day of the month, August, A. D. 2013.

Duly Filed. and Submitted 08 / 21 / 2013,

_____
Dale Livingston

_____
Willard O'Neal

_____
Russell Jensen

_____
Malik A. Shabazz

_____
Jeffrey Smit

_____
Vern Carter