Brent M. Johnson (5495)
Attorney for Judge Royal I. Hansen
and Judge W. Brent West
Administrative Office of the Courts
P.O. Box 140241
Salt Lake City, Utah 84114-0241
Tel: (801) 578-3800

_____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF UTAH

_____

| | |
|---|---|
| DALE LIVINGSTON, WILLARD O'NEAL, RUSSELL JENSEN, MALIK A. SHABAZZ, JEFFREY SMIT, VERN CARTER. | **MOTION TO DISMISS AND MEMORANDUM IN SUPPORT** |
| Petitioners/Appellants | |
| vs. | Case no. 2:13-CV-00783 |
| JUDGE ROYAL I. HANSEN, and JUDGE W. BRENT WEST, | |
| Respondents/Appellees. | |

_____

**Motion to Dismiss**

Judge Royal I. Hansen and Judge W. Brent West ("Judicial Defendants"), by and through counsel Brent M. Johnson of the Utah State Administrative Office of the Courts, move this court pursuant to Rule 12(b)(1) and (6) to dismiss this case for lack of jurisdiction and for failure to state a claim upon which relief may be granted. The bases for the motion are jurisdictional principles such as Younger abstention, Rooker-Feldman,

Eleventh Amendment immunity, and judicial immunity. The case otherwise fails to state a federal question. There is no claim upon which relief may be granted. The case should be dismissed.

## Memorandum in Support of Motion to Dismiss

### Standard of Review

In reviewing a motion to dismiss, this Court accepts "all well-pleaded facts, as distinguished from conclusory allegations, . . . as true." Ruiz v. McDonald, 299 F.3d 1173, 1181 (10th Cir. 2002). "A rule 12(b)(6) motion to dismiss may be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling the [the plaintiff] to relief under [plaintiff's] theory of recovery." Id.

### Facts

On March 1, 2013, the Plaintiffs filed a complaint in the Utah State Third District Court.[1] A copy of the complaint is attached as Exhibit A. The complaint lists Judith Atherton as one of the defendants. Judith Atherton is a judge of the Third District Court. The case was originally assigned to Judge Lee Dever. Judge Dever recused himself and the complaint was referred to the presiding judge, Judge Royal Hansen, for reassignment. Because the complaint named a Third District Court judge, Judge Hansen requested a judge from the Second Judicial District Court to handle the matter. The case was then

---

[1] The following facts are all taken from Plaintiffs' complaint.

referred to the presiding judge of the Second District Court, Judge Brent West, who accepted assignment of the case.[2]

## Argument

**1.     The complaint fails to state a claim upon which relief may be granted.**

The Plaintiffs have requested relief "quo warranto."  Quo warranto relief is typically framed as a request for a writ.  See e.g. Wickwire v. Graves, No. 95-3357-DES, 1996 WL 583453 (D. Kan. Sept. 19, 1996) (The plaintiff sought a "writ quo warranto.")  The Plaintiffs are thus seeking a writ from this Court.  The Plaintiffs are asking this Court to direct the Judicial Defendants to perform their duties in a certain way. However, the Plaintiffs have failed to identify any federal law that permits such a writ against state court officials.  In Knox v. Bland, 632 F.3d 1290, 1292 (10th Cir. 2011), the court stated that "we have no authority to issue . . . a writ to direct state courts or their judicial officers in the performance of their duties." (citation omitted).  The federal courts do not have jurisdiction to issue extraordinary relief against state courts or their officers.

The Plaintiffs have failed to otherwise state a claim upon which relief may be granted.  The Plaintiffs have referenced in their complaint several amendments to the

---

[2] In Informal Opinion 96-2, the Utah Judicial Council's Ethics Advisory Committee stated that judges may not preside over cases if one of the parties is an employee of the judge's district.  The complaint was reassigned to a judge outside of the district because the complaint involved an employee of the district.  This fact is not relevant to a resolution of this case and is provided primarily for the edification of the Plaintiffs so that they understood why the case was transferred.

United States Constitution.  However, the Plaintiffs have not recited facts that support a claim under those constitutional provisions.  The Plaintiffs' allegations relate to assignment of a case in the state judicial system.  The Plaintiffs have not articulated how that assignment process involves a federal question.  In Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1961), the court stated that "[d]espite the liberal construction afforded pro se pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."  The Plaintiffs have not provided any discussion of federal issues in their complaint.  The complaint should be dismissed for failure to allege facts that raise a federal question.

**2.     The Judicial Defendants are entitled to judicial immunity.**

In Stump v. Sparkman, 435 U.S. 349, 355-56 (1978), the court recognized that "a judicial officer, in exercising the authority vested in him, should be free to act upon his own convictions, without apprehension of personal consequences to himself.  For that reason . . . judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts."  When judges are acting within their judicial capacity, they are absolutely immune from all suits in which error is alleged.  In Christensen v. Ward, 916 F.2d 1462, 1473 (10th Cir. 1990), the court stated that "judges are absolutely immune from suit on any claim based on the conduct of their office including allegations that a decision is erroneous, malicious, or in excess of their judicial authority."  The Plaintiffs'

claims are based on the Judicial Defendants' actions in their judicial capacities. The Judicial Defendants are therefore immune from suit. Absolute judicial immunity requires dismissal of this case.

If the Plaintiffs were to somehow claim that they are pursuing a civil rights action under 42 U.S.C. § 1983, judicial immunity would still bar any claim. This section states that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." The Plaintiffs have not alleged in their complaint that the Judicial Defendants violated a declaratory decree or that declaratory relief is unavailable. The Plaintiffs have not made such allegations because the judicial defendants have not violated a declaratory decree and, as will be shown below, the Plaintiffs have opportunities to have their rights declared in the state courts.

**3.     The claims are barred by Younger abstention.**

In Taylor v. Jaquez, 126 F.3d 1294, 1297 (10th Cir. 1997), the court stated that Younger abstention prohibits federal courts from assuming jurisdiction over a state matter when: 1) there is an ongoing state criminal, civil, or administrative proceeding; 2) the state court offers an adequate forum to hear the plaintiff's claims; and 3) the state proceeding involves important state interests.

5

The proceedings in the Utah court are ongoing. The case was filed less than three months ago. The case is in its early stages. The Plaintiffs also have opportunities to raise their claims in that case. The Plaintiffs' did not allege in their complaint that they have filed a motion in the state court challenging the assignment. In theory they can file such a motion. The Plaintiffs can also seek appellate review. However, the Plaintiffs' have not even attempted any such action in either the trial or appellate courts.

Finally, as noted above, the Plaintiffs claims relate to how judges are assigned in state court cases. In Middlesex County Ethics Committee v. Garden State Bar Association, 457 U.S. 423, 432 (1982), the court stated that "[p]roceedings necessary . . . for the functioning of the state judicial system . . . evidence the state's substantial interest in the litigation." The state has an important interest in how state court judges are assigned to cases. The state certainly has much more of an interest in this issue than the federal courts. The process involves the functioning of the state judicial system. The federal courts should, in fact, have an interest in deferring to state courts on such an issue.

**4.      The action is also barred by Rooker-Feldman.**

If the claims are not prohibited under Younger, they are prohibited under the Rooker-Feldman doctrine. In Exxon Mobil Corp v. Saudi Basic Ind. Corp, 544 U.S. 280, 284 (2005) the U.S. Supreme Court stated that the Rooker-Feldman doctrine prohibits "cases brought by state court losers complaining of injuries caused by state court

judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  The Plaintiffs are complaining of an injury allegedly caused by a state court decision.  The Plaintiffs are asking this Court to review and reject that decision.  The decision was issued before this action commenced.  The decision is final in the sense that it was an administrative action separate from the merits of the underlying case.  Based on the Rooker-Feldman doctrine, the court does not have jurisdiction to consider the requested relief.

5.      **Eleventh amendment immunity also applies.**

The allegations in the complaint involve state court judges.  The Eleventh Amendment to the U.S. Constitution protects a state from being sued in federal court unless the state has consented to being sued.  See e.g. Wagoner County Rural Water Dist. No. 2 v. Grand River Dam Authority, 577 F.3d 1255, 1258 (10th Cir. 2009) ("The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state.")  The Judicial Defendants are state judges.  In Will v. Michigan Dept of State Police, 491 U.S. 58, 71 (1989), the court stated that a suit against a state actor in his or her official capacity is a suit against the state and the suit is therefore prohibited under the Eleventh Amendment.  Thus, whether the action is against the court as a whole or the individual judges, it is an action against the state.  The state has not consented to suit.  The action is barred.

**Conclusion**

The complaint filed by the Plaintiffs is without merit. The complaint does not identify a recognizable cause of action. In addition to failing to identify a federal question, the subject matter jurisdiction principles bar the claims in Plaintiffs' complaint. The Plaintiffs seem interested only in harassing Utah state officials. The complaint should therefore be dismissed.

Dated this 5th day of September, 2013.

/s/Brent M. Johnson
Brent M. Johnson
Administrative Office of the Courts

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was filed electronically with the Court via the CM/ECF system and delivered to the State mail system to be sent to the parties via U.S. postage prepaid mail, on this 5th day of September, 2013 to:

Dale Livingston
Willard O'Neal
Russell Jensen
Malik A. Shabazz
Jeffrey Smith
Vern Carter
5210 S. Huntington Road
Taylorsville, Utah 84129

/s/Jeni Wood
Jeni Wood
Legal Secretary to Brent M. Johnson