BY SPECIAL APPEARANCE:
Fred Brunsvik, Dave Poulson, David Adamson,
David Bailey, Dennis Engle,
1059 E. Emerson Ave.
Salt Lake City, Utah

FILED DISTRICT COURT
Third Judicial District

MAR 01 2013

SALT LAKE COUNTY
By_____ Deputy Clerk

# IN THE "UTAH THIRD DISTRICT COURT"
## SALT LAKE DEPARTMENT



| | |
|---|---|
| Fred Brunsvik, David Adamson, David Bailey, Dave Poulson, Dennis Engle; And Others --- see an "Plaintiffs' List" to be Incorporated Herein By Reference<br><br>Plaintiffs,<br><br>v.<br><br>Judith Atherton, Alicia Cook, Sim Gil, Blake Hills, Christine Durham, Matthew B. Durrant,<br><br>Defendants | QUI TAM COMPLAINT<br><br>NOTICE TO PRESERVE CASE, INCORPORATED INTO STATE CASE NUMBER AS ASSIGNED BELOW;<br><br>CLAIM OF IMMUNITY CONSTRUED SOLELY AS OF 1984 AND 1988<br><br>Case No. 130901479<br><br>Judge: Dever |

COMES FORTH NOW THE ABOVE NAMED AND REFERENCED PLAINTIFFS, PROSECUTING THIS CASE AS A "QUI TAM ACTION" FOR THE PEOPLE OF UTAH, OR AS "QUI TAM ACTION PROSECUTORS," AND PROVIDES THE FOLLOWING INFORMATION PERTAINING TO, AND FILES COMPLAINT AGAINST THE FOLLOWING NAMED PERSONS, AS DEFENDANTS;

THIS ACTION CONSTITUTES A FUNDAMENTAL ORGANIC CLASS ACTION COMPLAINT AGAINST DEFENDANTS JUDITH ATHERTON, ALICIA COOK, SIM GIL, BLAKE HILLS, CHRISTINE DURHAM, AND MATTHEW B. DURRANT.

1

1. THIS ACTION CONSTITUTES A FUNDAMENTAL CLASS ACTION COMPLAINT, NOT LIMITED TO THE ABOVE NAMED FIVE PLAINTIFFS, OR QUI TAM ACTION PROSECUTORS, BUT PRESERVED FOR THE ADDITION OF ALL OTHER PLAINTIFFS, OR QUI TAM ACTION PROSECUTORS, WHO SHALL COME FORTH UNDER THE UMBRELLA OF AN QUI TAM ACTION PROSECUTORS' "PLAINTIFFS' LIST" WHEN INCORPORATED INTO THIS CASE BY DIRECT REFERENCE TO THIS NUMBERED CASE PROVISION HEREIN, AGAINST DEFENDANTS JUDITH ATHERTON, ALICIA COOK, SIM GIL, BLAKE HILLS, CHRISTINE DURHAM, AND MATTHEW B. DURRANT FOR THEIR CONTINUED EXISTENCE OF UNLAWFUL ACTS OF APPEARING IN AN OFFICIAL CAPACITY UNDER THE LAWS EXISTENT OF THE ORGANIC "STATE OF UTAH," WHEN NO LAWFUL STATUTORY LAWS HAVE EXISTED FOR THE "STATE OF "UTAH" SINCE NOVEMBER 8, 1988 AND NO LAWFUL COURT HAS EXISTED TO TRY SUCH LAWS SINCE NOVEMBER 7, 1984.

2. COMES NOW, JOINTLY, AND BY SPECIAL APPEARANCE, THE PLAINTIFFS, IN THEIR ABOVE STATED CAPACITIES, AS QUI TAM ACTION PROSECUTORS, AND FILES THIS QUI TAM ACTION COMPLAINT AGAINST THE ABOVE NAMED DEFENDANT PARTIES, PURSUANT TO THE DISCOVERED EVIDENCE AND THE FINDINGS IN LAW AND FACT AS THEY EXIST AS FUNDAMENTAL RIGHTS OF THE PLAINTIFFS, AND ALL OTHERS WHO SHALL HEREAFTER QUALIFY THEMSELVES AS PLAINTIFFS AS SHALL BE SET FORTH IN AN "PLAINTIFFS' LIST" AND INCORPORATED HEREIN BY REFERENCE HERETO, IN CONJUNCTION WITH THE UNITED STATES CONSTITUTION, AS WITH THE UTAH CONSTITUTION TO SUCH EXTENT AS IT MAY BE POSSIBLE TO DO SO.

3. **COMMENCEMENT OF COMPLAINT.** THIS COMPLAINT GOES TO THE ASSOCIATED DATES OF NOVEMBER 7, 1984 PERTAINING TO THE UTTER REPEAL AND INSTANT REENACTMENT OF ARTICLE 8 OF THE UTAH CONSTITUTION, TO NOVEMBER 8,

1988 AS IT PERTAINS TO THE UTTER REPEAL OF ARTICLE 19 OF THE "UTAH CONSTITUTION," AND CONTINUES THEREAFTER TO THE DATES OF JULY 1, 1985, AND TO APRIL 20, 2012.

4.   ON APRIL 20, 2012, THE ABOVE TITLED COURT WAS CHARGED WITH LACK OF STANDING. THE LEGAL APPLICATION OF LACK OF STANDING IS "NO RIGHT TO SPEAK". "NO RIGHT TO BE HEARD." " NO RIGHT TO BE CONSIDERED."

5.   AS A RESULT OF THE ABOVE STIPULATED-TO ACTS COMMITTED ON THE ABOVE DATES, OTHER UNLAWFULLY INVOLVED DATES AND ASSOCIATED ACTS ARE MAY 10, 2011, NOVEMBER 3, 2011, APRIL 20, 2012, AND NOVEMBER 12, 2012.

6.   THE FOLLOWING CONSTITUTES A LAY-DOWN OF BASIC CHARGES AGAINST THE ABOVE NAMED DEFENDANTS, NOW BEING SUED BY QUI TAM ACTION PROSECUTION, FOR DAMAGES CAUSED TO THE UNSUSPECTING, DAMAGED PEOPLE OF UTAH, UNDER THE COMMON LAW, AS FOLLOWS:

I.
THE CHARGE AGAINST ATHERTON CONCERNING HER BEING CHARGED WITH "LACK OF STANDING," OR "NO RIGHT TO SPEAK" WAS NOT "CASE SPECIFIC."

II.
THE CHARGE AGAINST ALICIA COOK CONCERNING HER BEING CHARGED WITH "LACK OF STANDING," OR "NO RIGHT TO SPEAK" WAS NOT "CASE SPECIFIC."

III.
THE CHARGE AGAINST COOK AND ATHERTON THAT THEY COULD NOT AGREE BETWEEN THEMSELVES, WHEN CHARGED WITH "LACK OF STANDING" ("NO RIGHT TO SPEAK"), THAT THEY *COULD* AGREE BETWEEN THEMSELVES THAT

THEY HAD STANDING, EVEN THOUGH THEY HAD "NO RIGHT TO SPEAK OR BE CONSIDERED" TO DO SO WAS <u>NOT</u> "CASE SPECIFIC."

### <u>IV.</u>

THE CHARGE AGAINST BLAKE HILLS CONCERNING HIS BEING CHARGED WITH "LACK OF STANDING," OR "NO RIGHT TO SPEAK," AS EVINCED BY UT. CONSTITUTION'S <u>ARTICLE 8, SECTION 16</u> – TAKEN IN CONJUNCTION WITH THE INSTANT <u>1984</u> "REENACTMENT" OF ARTICLE 8- LEGAL LOOP DILEMMA, WITHOUT RIGHT TO COVER FOR ALICIA COOK IN HER LACK OF STANDING, OR ANY OTHER ACT INVOLVING HER UNLAWFUL FLIGHT TO AVOID PROSECUTION OR WITNESSING, WAS <u>NOT</u> AND IS <u>NOT</u> "CASE SPECIFIC."

### <u>V.</u>

THE CHARGE AGAINST SIM GILL CONCERNING HIS BEING CHARGED WITH "LACK OF STANDING," OR "NO RIGHT TO SPEAK," IS <u>NOT</u> "CASE SPECIFIC."

### <u>VI.1</u>

THE CHARGE AGAINST CHRISTINE DURHAM CONCERNING HER BEING CHARGED WITH "LACK OF STANDING," OR "NO RIGHT TO SPEAK" WAS <u>NOT</u> AND IS NOT "CASE SPECIFIC."

### <u>VI.2</u>

THE CHARGE AGAINST CHRISTINE DURHAM FOLLOWING HER 61 + DAYS OF SILENCE FROM THE DATE SHE WAS SERVED IN THE 2011 FEDERAL CASE, # <u>2:11cv00674,</u> IN WHICH SHE WAS CHARGED WITH "LACK OF STANDING," FURTHER CHARGES HER WITH LACK OF STANDING, AND ESTOPPEL BY LEACHES, IN THIS CURRENT CASE AGAINST HER, AND HER CONTINUED VIOLATION OF SUCH LACK OF RIGHT BY HER CLAIMED RIGHT TO TRANSFER HER UNLAWFUL AUTHORITY TO ANOTHER ON <u>APRIL 1, 2012</u>.

### VII.

THE CHARGE AGAINST MATTHEW B. DURRANT CONCERNING HIS BEING CHARGED, HEREBY, WITH "LACK OF STANDING," OR "NO RIGHT TO SPEAK" AS OF APRIL 1, 2012 AND THEREAFTER IS NOT "CASE SPECIFIC."

### VIII.

INCORPORATION OF "THE UTAH EXHIBIT," ATTACHED HERETO, BY THIS REFERENCE IS TO BE ASSOCIATED WITH THE ABOVE COMPLAINED OF FUNDAMENTAL CHARGES BROUGHT BY THE PLAINTIFFS IN THIS CASE.

### IX.

INCORPORATION OF "EXHIBIT 13" FILED ON AUGUST 27, 2012 IN "UTAH" CASE # 111903498, BY THIS REFERENCE IS TO BE PRESERVED FOR THE RIGHTS OF THE PEOPLE OF THE LANDS AND STATE OF DESERET-UTAH, FORMERLY UTAH.

### X.

INCORPORATION OF THE 1896 AND 1984 EDITIONS OF THE "UTAH CONSTITUTION" AT ARTICLE I, SECTION 26' EXHIBITED EVIDENCE, ATTACHED HERETO, BY THIS REFERENCE HAS NEVER BEEN AND IS NOT CASE SPECIFIC.

### XI.

INCORPORATION OF THE LACK OF THE WORD "LICENSE" IN THE UTAH CONSTITUTION'S 1896 ARTICLE 8 AND THE 1984 ARTICLE 8, DENYING THE USE OF THE WORD "LICENSE" AS IT PERTAINS TO ANY ATTORNEY, LAWYER, JUDGE, OR JUSTICE IN ANY YEAR FROM 1896 TO THE PRESENT DATE

### XII.

THE EXISTENCE OF ANY AND EVERY "ATTORNEY," "LAWYER," "JUDGE," OR "JUSTICE" IN ANY YEAR FROM 1896 TO THE PRESENT DATE IS REQUIRED TO BE VIEWED THROUGH THE ARTICLE I, SECTION 26, AND IS NOT TO BE REGARDED AS "CASE SPECIFIC."

### XIII.

THE PUBLISHED CLAIM BY "MICHE ONLINE" THAT IT KNEW WHAT WAS IN THE MIND OF THE 1984 UTAH LEGISLATORS EXCEEDED ITS ABILITY TO STAND AND MAKE THAT CLAIM, OR THAT IT LACKED STANDING TO MAKE THAT CLAIM ("NO RIGHT TO LEGALLY SPEAK, NO RIGHT TO BE CONSIDERED"), AND ANY APPLICATION OF SUCH CLAIM BY ANY PERSON OR PARTY RELYING ON THE FALSITY THEREOF IS NOT "CASE SPECIFIC."

7. Because there is yet hard evidence surfacing as to the unlawful, and illegal acts committed, under color of law and authority, by certain of the above named defendants which is to be brought forth and filed into the case records in a timely manner, an exigent necessity exists that the current evidence as presented in the case be preserved until the plaintiffs, as Qui Tam Action Prosecutors, shall stipulate that no further evidence or witnesses are to be forthcoming, by which such rights to preserved evidence shall be tried under the auspices and aegis of the United States Constitution as the same shall be properly and truthfully defined, without exception, by which trial of the above named defendants shall be brought forth under lawful venue and jurisdiction accorded to the people of Utah for just cause thereafter as provided for by the U.S. Constitution and fundamental law.

8. The court, by its lawful makeup only, is thus informed of these things that it might understand the necessity of recognizing this case as being preserved, as is, for future purposes for the time and event when [the State of] Utah concurs that this case is proper in every aspect against all defendants, no matter who and what they may be, and accords plaintiffs their rights under the Constitution for the United States and the constitution for Utah so far as it may be applicable thereunder.

9. This Complaint may be amended within 20 days following the date of its being served on any defendant named herein.

10. THE EVIDENCE PRESERVED FOR THE UTAH EXHIBIT AS REFERRED TO ABOVE SHALL BE SUBMITTED INTO THIS CASE WITHIN THE NEXT <u>FIVE</u> DAYS IN ORDER THAT THIS CASE SHALL BE CONTINUED MINIMALLY THEREAFTER.

11. This lawsuit amount shall pertain to the five plaintiffs' costs divided between them of $75. Only, and shall have no bearing on the damages to be won at trial of the defendants and paid to the damaged people of Utah, or else Deseret-Utah if that shall be determined the proper and lawful name for the nation-state itself, as this Qui Tam Action Complaint comes forward for their ultimate protection, which shall be determined only by way of trial by impartial jury, not trial with jury, being the unlawful practice thereof before the date of this lawful filing, accordingly.

Respectfully Submitted,

___/___/___

_____
Fred Brunsvik

_____
Dave Poulson

_____
David Bailey

_____
David Adamson

_____
Dennis Engle

## Cover Sheet for Civil Actions

| Interpretation. If you do not speak or understand English, contact the court at least 3 days before the hearing or mediation, and an interpreter will be provided. | Interpretación. Si usted no habla o entiende el Inglés contacte al tribunal por lo menos 3 dias antes de la audiencia o mediación y le proveerán un intérprete. |

**Plaintiff/Petitioner (First)**
Name: Fred Brunsvick
Address: 1059 Emerson Ave
City, State, Zip: SLC  UT  84105
Phone: 801-750-7556
Email: fred@armedinutix.org

**First Plaintiff/Petitioner's Attorney***
Name:
Bar Number:

**Plaintiff/Petitioner (Second)**
Name:
Address:
City, State, Zip:
Phone:                Email:

**Second Plaintiff/Petitioner's Attorney***
Name:
Bar Number:

**Defendant/Respondent (First)**
Name:
Address:
City, State, Zip:
Phone:                Email:

**First Defendant/Respondent's Attorney***
Name:
Bar Number:

**Defendant/Respondent (Second)**
Name:
Address:
City, State, Zip:
Phone:                Email:

**Second Defendant/Respondent's Attorney***
Name:
Bar Number:

*Attorney mailing and email addresses provided by Utah State Bar.

Total Claim for Damages $ 750    Jury Demand ☒ Yes  ☐ No    $250 ☐ Jury Demand

Schedule of Fees: §78a-2-301 (Choose ☒ all that apply. See Page 2 for fees for claims other than claims for damages.)

PLEASE CHOOSE ONE BEFORE PROCEEDING:
- ☐ No monetary damages are requested/ Damages Unspecified (URCP 26: Tier 2)
- ☒ Damages requested are $50,000 or less (URCP 26: Tier 1)
- ☐ Damages requested are more than $50,000 and less than $300,000 (URCP 26: Tier 2)
- ☐ Damages requested are $300,000 or more (URCP 26: Tier 3)
- ☐ This case is exempt from URCP 26. (E)

— — MOTION TO RENEW JUDGMENT — —
$37.50 ☐ Damages $2000 or less
$92.50 ☐ Damages $2001 - $9,999

$180 ☐ Damages $10,000 & over
— — COMPLAINT OR INTERPLEADER — —
$75 ☒ Damages $2000 or less
$185 ☐ Damages $2001 - $9999
$360 ☐ Damages $10,000 & over
$360 ☐ Damages Unspecified
— — COUNTERCLAIM, CROSS CLAIM, THIRD PARTY CLAIM, OR INTERVENTION — —
$55 ☐ Damages $2000 or less
$150 ☐ Damages $2001 - $9999
$155 ☐ Damages $10,000 & over

Choose ☒ Only One Category

| Fee | | Case Type | Fee | | Case Type |
|---|---|---|---|---|---|
| | | —————— APPEALS —————— | $100 | ☐ | Domestic Modification (T2) |
| $360 | ☐ | Administrative Agency Review | $100 | ☐ | Counter-petition: Domestic Modification |
| Sch | ☐ | Tax Court (Appeal of Tax Commission Decision) Court: Refer to Clerk of Court upon filing. | $360 | ☐ | Grandparent Visitation (T2) |
| $225 | ☐ | Civil (78A-2-301(1)(h)) (E) | $360 | ☐ | Paternity/Parentage (T2) |
| $225 | ☐ | Small Claims Trial de Novo (E) | $310 | ☐ | Separate Maintenance (T2) |
| | | —————— GENERAL CIVIL —————— | $35 | ☐ | Temporary Separation (E) |
| $360 | ☐ | Attorney Discipline (T2) | $35 | ☐ | Uniform Child Custody Jurisdiction & Enforcement Act (UCCJEA) (E) |
| Sch | ☒ | Civil Rights | | | |
| $0 | ☐ | Civil Stalking (E) | $35 | ☐ | Uniform Interstate Family Support Act (UIFSA) (E) |
| $360 | ☐ | Condemnation/Eminent Domain | | | |
| Sch | ☐ | Contract | | | —————— JUDGMENTS —————— |
| Sch | ☐ | Debt Collection | $35 | ☐ | Foreign Judgment (Abstract of) (E) |
| Sch | ☐ | Eviction/Forcible Entry and Detainer (E) | $50 | ☐ | Abstract of Judgment/Order of Utah Court/Agency (E) |
| $360 | ☐ | Extraordinary Relief/Writs | | | |
| $360 | ☐ | Forfeiture of Property (E) | $30 | ☐ | Abstract of Judgment/Order of Utah State Tax Commission (E) |
| Sch | ☐ | Interpleader | | | |
| Sch | ☐ | Lien/Mortgage Foreclosure | $35 | ☐ | Judgment by Confession (E) |
| Sch | ☐ | Malpractice | | | —————— PROBATE —————— |
| Sch | ☐ | Miscellaneous Civil | $360 | ☐ | Adoption/Foreign Adoption (T2) |
| Sch | ☐ | Personal Injury | $8 | ☐ | Vital Statistics §26-2-25 per form |
| $360 | ☐ | Post Conviction Relief: Capital (E) | $360 | ☐ | Conservatorship (T2) |
| $360 | ☐ | Post Conviction Relief: Non-capital (E) | $360 | ☐ | Estate Personal Rep – Formal (T2) |
| Sch | ☐ | Property Damage | $360 | ☐ | Estate Personal Rep – Informal (T2) |
| Sch | ☐ | Property Rights | $35 | ☐ | Foreign Probate/Child Custody Doc. (E) |
| Sch | ☐ | Sexual Harassment | $360 | ☐ | Gestational Agreement (T2) |
| Sch | ☐ | Water Rights | $360 | ☐ | Guardianship (T2) |
| Sch | ☐ | Wrongful Death | $0 | ☐ | Involuntary Commitment (T2) |
| $360 | ☐ | Wrongful Lien | $360 | ☐ | Minor's Settlement (T2) |
| Sch | ☐ | Wrongful Termination | $360 | ☐ | Name Change (T2) |
| | | —————— DOMESTIC —————— | $360 | ☐ | Supervised Administration (T2) |
| $0 | ☐ | Cohabitant Abuse (E) | $360 | ☐ | Trusts (T2) |
| $310 | ☐ | Marriage Adjudication (Common Law) (T2) | $360 | ☐ | Unspecified (Other) Probate (T2) |
| | | | | | —————— SPECIAL MATTERS —————— |
| $310 | ☐ | Custody/Visitation/ Support (T2) | $35 | ☐ | Arbitration Award (E) |
| $310 | ☐ | Divorce/Annulment (T2) | $0 | ☐ | Determination Competency-Criminal (E) |
| | ☐ | Check if child support, custody or parent-time will be part of decree | $135 | ☐ | Expungement (E) |
| | ☐ | Check if Temporary Separation filed | $0 | ☐ | Hospital Lien (E) |
| $8 | ☐ | Vital Statistics §26-2-25 per form | $35 | ☐ | Judicial Approval of Document: Not Part of Pending Case (E) |
| $115 | ☐ | Counterclaim: Divorce/Sep Maint. | | | |
| $115 | ☐ | Counterclaim: Custody/Visitation/ Support | $35 | ☐ | Notice of Deposition in Out-of-State Case/Foreign Subpoena (E) |
| $155 | ☐ | Counterclaim: Paternity/Grandparent Visitation | $35 | ☐ | Open Sealed Record (E) |

(E) Exempt from URCP Rule 26
(T2) Case type defaults to Tier 2 (no monetary damages)