IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DALE A. LIVINGSTON, *et. al*, | MEMORANDUM DECISION AND ORDER |
| **Plaintiffs,** | |
| v. | Case No. 2:13CV783DAK |
| ROYAL HANSEN, et al., | Judge Dale A. Kimball |
| **Defendants.** | |

This court issued an Order to Show Cause on October 9, 2013, directing Plaintiffs to show good cause for not responding to Defendant Royal Hansen and W. Brent West's Motion to Dismiss.  The Motion to Dismiss was filed on September 5, 2003.  According to the court's local rules, an opposition to a motion to dismiss is due twenty-eight days after service of the motion.  DUCivR 7-1(b)(3)(A).  Computing the time according to Rule 6 of the Federal Rules of Civil Procedure and allowing three days for receipt by mailing, Plaintiffs' memorandum in opposition to Defendants' Motion to Dismiss was due on October 7, 2013.  As of the date of this Order, however, Plaintiffs have not responded to Defendants' motion.  Plaintiffs have also failed to respond to this court's Order to Show Cause.  Plaintiffs' response to the Order to Show Cause was due a week ago.  Under the court's local rules, failure to respond timely to a motion may result in the court's granting of the motion without further notice.  DUCivR 7-1(d).

Moreover, the court has reviewed Defendants' motion and concludes that Plaintiffs' Complaint has no merit.  Plaintiffs have not stated any law that permits this federal court to issue a writ against state court officials based on any of the facts at issue in this case.  Plaintiffs claims

relate to the assignment of cases to particular judges in the state judicial system.  In *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011), the court stated that "we have no authority to issue . . . a writ to direct state courts or their judicial officers in the performance of their duties."  This court does not have jurisdiction to issue extraordinary relief against state court or their officers.

In addition, the defendants in this case a state court judges who are entitled to absolute judicial immunity because the allegations relate to actions taken in their judicial capacity.  *See Christensen v. Ward*, 916 F.2d 1462, 1473 (10th Cir. 1990)("[J]udges are absolutely immune from suit on any claim based on the conduct of their office including allegations that a decision is erroneous, malicious, or in excess of their judicial authority.").

Finally, the claims are barred under the *Younger* abstention doctrine which prohibits federal courts from assuming jurisdiction over a state matter when there is an ongoing state proceeding, the state court offers an afequate forum, and the state proceeding involves important state interests.  *See Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997).  The state court proceeding at issue in this case is ongoing and in its early stages.  The state district and appellate courts provide an adequate forum to raise the issue regarding judicial assignment, and the judicial assignment issue is best left to the state courts.

Accordingly, the court grants Defendants' Motion to Dismiss and dismisses Plaintiffs' Complaint with prejudice.

DATED this 31st day of October, 2013.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

2